UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RAKUTEN BROWSER EXTENSION LITIGATION<br><br>This Document Relates To: All Actions | Case No. 25-cv-01534-HSG<br><br>**ORDER DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>Re: Dkt. No. 43 |

Pending before the Court is Plaintiffs' application to appoint interim class counsel. *See* Dkt. No. 43. Plaintiffs seek to appoint three attorneys from three different law firms as interim class counsel: (1) Julian Hammond from HammondLaw, P.C.; (2) Thomas E. Loeser from Cotchett Pitre & McCarthy LLP; and (3) Ashley M. Crooks from Hausfeld LLP. *Id.* Plaintiffs also seek to appoint David Almeida from Almeida Law Group and Mark S. Reich from Levi & Korsinsky LLP to Plaintiffs' executive committee. *Id.* Defendants oppose the motion. *See* Dkt. No. 45. The Court held a hearing on this matter on July 10, 2025. For the reasons detailed below, the Court **DENIES** the motion.

Under Federal Rule of Civil Procedure 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *See* Fed. R. Civ. P. 23 (advisory committee's notes to 2003 amendment); *see also* Manual for Complex Litig., § 21.11 (4th ed. 2004) ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

"Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *See, e.g.*, *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). These factors are:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (3) counsel's knowledge of the applicable law; and
> (4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(1)(B).

Here, counsel address the four factors under Rule 23(g)(1)(A), but fail to explain, as a threshold matter, why the appointment of interim counsel is necessary at this stage to protect the interests of the putative class. "Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel." *See In re Seagate*, 2016 WL 3401989 (collecting cases). To date, counsel have all worked together cooperatively, and given their joint motion, appear to share a unified strategy regarding how this action should proceed. Moreover, because counsel seek to represent Plaintiffs together as co-lead counsel and as members of an executive committee, the appointment of interim counsel is not necessary to address any live conflict among counsel or to clarify their respective roles in the litigation. *See, e.g.*, *Imran v. Vital Pharm., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (denying appointment of three firms as co-interim class counsel where there was no rivalry among the firms). During the hearing, counsel did not identify any live disputes.

The Court also has reservations that appointing three different attorneys from three different law firms will result in any efficiency gains. And counsel's suggestion that "any one of the three proposed leadership firms will have the authority to speak on behalf of all Plaintiffs," Dkt. No. 46 at 2, underscores rather than allays such concerns. The Court provided counsel with

an opportunity to file a supplemental brief explaining the anticipated roles and leadership structure for co-interim class counsel and the executive committee.  Counsel filed a one-page document after the deadline had passed.  *See* Dkt. No. 54.  This cursory document, however, does little to explain the benefits and efficiency in appointing multiple firms as co-lead counsel at this stage.

In short, the Court finds that counsel did "not present the 'special circumstances' that warrant appointment of interim counsel at this stage." *See, e.g.*, *In re Nissan N. Am., Inc. Litig.*, No. 18-CV-07292-HSG, 2019 WL 4601557, at *2 (N.D. Cal. Sept. 23, 2019) (quoting *In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014)). Accordingly, the Court **DENIES** the motion without prejudice.  Dkt. No. 43.  Plaintiffs are directed to file the consolidated amended complaint within 45 days of the date of this order as agreed in their stipulation.  *See* Dkt. No. 42 at 6.

**IT IS SO ORDERED.**

Dated:    7/16/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge